UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| CARMEN LOPEZ,<br><br>           Plaintiff,<br>   v.<br>MICHAEL J. ASTRUE, Comm.<br>Social Security Administration,<br><br>           Defendant. | CV 08-1852-SH<br><br>MEMORANDUM DECISION<br>AND ORDER |

## I. PROCEEDINGS

Plaintiff Carmen Lopez filed an application for Title II Social Security Disability insurance benefits (DIB) on March 26, 2003. Also on March 26, 2003, she submitted a claim for Supplemental Security Income payments. The claims were denied initially and on reconsideration. A request for hearing was timely filed.

A hearing before an Administrative Law Judge (ALJ) was held on April 5, 2005. Plaintiff appeared and testified through a professional Spanish interpreter.

1

Following receipt of a Decision denying benefits, plaintiff sought review to the Appeals Council. The Appeals Council declined review on April 5, 2006. A civil action followed, and on March 15, 2007, the District Court reversed and remanded the matter for further proceedings. Specifically, the Court found that the ALJ's credibility findings were not based on clear and convincing reasons.

The Appeals Council remanded the case to the same ALJ, and a second hearing was held on October 3, 2007. Plaintiff appeared and testified through a professional Spanish interpreter. The ALJ called upon Dr. Joseph E. Jensen, an impartial medical expert, to testify at this hearing. On November 29, 2007, the ALJ again denied benefits, reasserting some of the same reasoning as that rejected by the District Court in the first civil action. On January 26, 2008, the Appeals Council declined to assume jurisdiction. A second civil action followed, which is the matter at hand.

The parties have consented to the jurisdiction of the magistrate judge. Plaintiff and Defendant have filed their pleadings. Plaintiff alleges that the ALJ erred by incorrectly finding her not credible. Second, Plaintiff alleges that the ALJ rejected the testimony of Dr. Jensen, the medical expert, without sufficient legal reason. Third, Plaintiff alleges that based on the ALJ's errors, the appropriate remedy is reversal and award of benefits.

## II. DISCUSSION

### A. THE ALJ INCORRECTLY FOUND PLAINTIFF NOT CREDIBLE AS TO HER ALLEGED PAIN

In the present case, defendant admits that the ALJ committed two errors in his second decision regarding the assessment of plaintiff's credibility. First, defendant admits that the ALJ erred by again faulting the plaintiff for failing to consider a second back surgery. [AR 860-61]

As was clearly stated in the first District Court decision, the ALJ's assessment

of credibility consists of two stages of analysis: the Cotton analysis and an analysis, of the credibility of the claimant's testimony regarding the severity of her symptoms. Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1995). The threshold test developed in Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986), requires the claimant to (1) produce objective medical evidence of an impairment of impairments; and (2) show that the impairment or combination of impairments could reasonably be expected to (not that it did in fact) produce some degree of symptoms. The Cotton standard was reaffirmed in Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). Further, Bunnell held that an adjudicator who finds a claimant's allegation of severity of pain to be not credible must make specific findings which support this conclusion.

If a claimant meets the Cotton test, and there is no evidence of malingering, the ALJ may reject the claimant's testimony on credibility grounds only by offering specific, clear and convincing reasons for doing so. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

Applying the Cotton test, as was previously found by this Court, plaintiff asserted that she became disabled due to hypertension, lower back pain, pain in the lower extremities, diverticulitis, inflamed liver, heart problems, and mental difficulties. [AR 15] The ALJ found that plaintiff's lumbar spine injury status post fusion surgery is considered "severe". [AR 25]

Plaintiff's combination of impairments could reasonably be expected to cause pain. Plaintiff had back surgery in 2000. [AR 15] Plaintiff reported that she had been taking 800 mgs of Ibuprofen to alleviate her pain. [AR 23, 115] For additional pain relief, plaintiff used pain gel, electric pillow, ice, shocking machine and roll-on biofeedback. [AR 115, 861]

In the first civil action, this Court found that the ALJ's reasons for not finding plaintiff's testimony credible were not convincing. [AR 874] Among various considerations, the Court found that the ALJ improperly considered plaintiff's

1 choice to not undergo a second back surgery, but rather manage her condition
2 through medication, as a reason for not giving credibility to plaintiff's complaints
3 of pain. The Court stated that "a disability claimant should not be expected to
4 undergo the most extensive and extreme forms of treatment available for pain before
5 her subjective complaints of pain may be accepted as credible." [AR 875]

> In his second decision, the ALJ noted:
> "… it is reasonable to assume that if plaintiff were experiencing the level of pain alleged, she would have sought and received more aggressive treatment, rather than the conservative treatment that she reported (pain gel, electric pillow, shocking machine, roll-on biofeedback, and ibuprofen 800 mg, Exhibit 10E/4). Such treatment may have included physical therapy, acupuncture, treatment in a pain management clinic or use of potent opioid analgesics… In addition, it is not unreasonable to assume that the claimant would have gave further consideration to back surgery and obtained second opinion(s) on back surgery after her Workers' Compensation claim was terminated if she was suffering from the disabling pain that she alleges." [AR 861]

The nature and degree of the "objective medical evidence" appropriate for a given claimant is variable by case. Here, however, the ALJ appears to suggest that had plaintiff sought more "aggressive treatment," such as physical therapy, acupuncture, or a second back surgery, this would be an indication of the fact that plaintiff suffered pain at all. This would require plaintiff to pinpoint, through specific types of treatment, the existence and degree of pain alleged, then permit the ALJ to discredit plaintiff's testimony of pain solely on the basis of presence or absence of such medical evidence. This contravenes precedent in this Circuit. Bunnell, 947 F.2d at 346-47. Therefore, the ALJ again erred in finding plaintiff not

1 credible due to her forbearance of a second back surgery.

2 As additional grounds for finding plaintiff not credible, the ALJ alluded to the lack of evidence for plaintiff's need of an assistive device. However, defendant points out that this is the ALJ's second error. The medical expert at the hearing, based on his review of the medical record, stated that plaintiff would require the use of a cane. [AR 861, 932]

### B. THE ALJ INCORRECTLY REJECTED THE MEDICAL EXPERT'S TESTIMONY

The ALJ is responsible for determining a claimant's residual functional capacity, based on a consideration of medical opinions and all the other evidence in the case record. [SSR 96-5p]. However, in rejecting any medical expert opinion, he must provide clear and convincing reasons for doing so. <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. Or. 1995).

Here, Dr. Jensen, the medical expert, opined that the claimant is limited in an eight hour workday to four hours total of standing and walking, and six hours total of sitting, with the need to change positions or stretch for five minutes every one hour. [AR 932] Also, Dr. Jensen opined that plaintiff could occasionally manage stairs, ramps, but no ladders, ropes, or scaffolding. Plaintiff could also occasionally kneel. Plaintiff would be precluded from crouching or stooping, as well as working at heights. [AR 932-33]

The ALJ rejected his medical expert's opinion because he felt that the limitation to four hours of standing/walking, and the need to change positions every one hour for five minutes, was unsupported by the record-as-a-whole. [AR 860] In referring to the record-as-a-whole, the ALJ did not offer any clear and convincing reasons for rejecting the medical expert's opinion.

As discussed above, the ALJ's reasoning for finding plaintiff as not credible

1 was based on the lack of a second back surgery and lack of evidence regarding the
2 assistive device. Defendant has admitted the ALJ's errors on both these grounds.
3 Moreover, defendant has not asserted any justification for the ALJ's rejection of the
4 medical expert's opinion. In requesting remand for a third hearing, defendant merely
5 argues policy reasons, all of which are inapplicable here.

6 Since the ALJ improperly found plaintiff not credible, such an assessment
7 cannot serve as a clear and convincing reason required for the ALJ to reject the
8 medical expert's opinion. Therefore, the ALJ has again erred, and the rejection of
9 the medical expert's opinion was improper.

### C. THE APPROPRIATE REMEDY IS REVERAL FOR PAYMENT OF BENEFITS

Based on this Court's determination on the issues above, the Court considers the appropriate remedy. This Court finds that the ALJ has improperly rejected the opinion of Dr. Jensen, the medical expert, which described that plaintiff as limited to sedentary work.

In this Circuit, under Harman v. Apfel, 211 F.3d 1172 (9th Cir. 2000), cert. denied, 531 U.S. 1038, 121 S. Ct. 628, 148 L. Ed. 2d 537, improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman at 1178.

Here, the first prong of the Harman test is met, due to the insufficiency of the ALJ's reasons for finding Dr. Jensen's opinion unsupported. The second prong is also met, as there are no apparent outstanding issues that must be resolved before

a determination of disability can be made. Here, the ALJ's post-remand decision was a Step Four decision. Defendant argues that remand is necessary to further develop the record through a Step Five analysis. However, a Step Five decision is not necessary to determine whether this plaintiff is disabled.

If Dr. Jensen's opinion is properly credited, there is sufficient evidence to determine that plaintiff would be limited to sedentary work. In this case, due to plaintiff's age, education, and work experience, the medical-vocational guidelines direct a finding of disability. 20 C.F.R. Part 404, Subpart P, App.2, Rule 201.17. Following the application of the medical vocational guidelines, once plaintiff's disability is determined, plaintiff will "grid out": therefore, a Step Five analysis is unnecessary.

Defendant has not addressed the issue of the medical-vocational Guidelines, nor asserted any reasons for why the Guidelines should not apply to plaintiff in the present case.

### III. ORDER

For the foregoing reasons, the decision of the Commissioner is reversed and remanded for payment of benefits in accordance with this Decision.

DATED:   April 2, 2009

/ s /
_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE